# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| v. | ) | Criminal Action No. 12-104 |
| | ) | |
| DEWAN VALENTINE, | ) | Judge Cathy Bissoon |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM ORDER

### I. MEMORANDUM

Currently pending before the Court is Defendant Dewan Valentine's "Motion to Vacate, Rescind and/or Reject the Plea Agreement's § 2255 Waiver Provision" (Doc. 250) (hereinafter, the "Motion"). While Defense counsel has indicated, in his recently filed Sentencing Memorandum (Doc. 265), that it is his understanding that Mr. Valentine is no longer challenging the § 2255 Waiver Provision, to the extent that this is not the case, the Motion will be denied for the reasons stated below.

### BACKGROUND AND PROCEDURAL HISTORY

On December 4, 2013, Defendant pleaded guilty to a lesser included offense at Count I and Count IV of the Superseding Indictment. At that time, the parties informed the Court that they had entered into a plea agreement pursuant to Rule 11(c)(1)(C) of the Federal Rules of Civil Procedure. The Court accepted Defendant's plea of guilt, but deferred the decision of whether to accept or reject the plea agreement until a presentence investigation report had been completed.

Upon completion of such report, but prior to his sentencing, Defendant filed the instant motion, asking the Court to reject a particular provision of his plea agreement. Specifically, Defendant asks the Court to reject the following paragraph:

> Dewan Valentine further waives the right to file a motion to vacate sentence, under 28 U.S.C. § 2255, attacking his conviction or sentence, and the right to file any other collateral proceeding attacking his conviction or sentence.

Defendant urges the Court to accept the plea agreement in all other aspects.

In support of his argument, Defendant cites Formal Opinion 2014-100, issued by the Pennsylvania Bar Association's Legal Ethics and Professional Responsibility Committee, which states, in pertinent part:

> [A] criminal defense lawyer is ethically precluded from advising a client to enter into a plea agreement requiring the client to waive the right to file a post-conviction claim asserting IAC [ineffective assistance of counsel] at any time in the future, [and therefore] a prosecutor is prohibited from requiring such a waiver in a plea agreement under PA RPC 8.4(a), which prohibits a lawyer from inducing or assisting another lawyer to violate the Pennsylvania Rules of Professional Conduct.

Formal Op. 2014-100. Defendant argues that, in light of this recent opinion, it would be improper for the Court to accept Defendant's plea agreement language. The Government filed a Response in Opposition (Doc. 252), arguing: (1) the opinion is advisory and not binding on the Court; (2) a defendant can waive virtually any constitutional or statutory right as part of a plea agreement, so long as his waiver is knowing and voluntary; and (3) these waivers advance the administration of justice. Moreover, the Government argues that if the Court rejects this provision, it must reject the plea agreement in its entirety.

## **ANALYSIS**

The United States Court of Appeals for the Third Circuit has consistently upheld waivers of appeals and waivers of collateral challenges, as long as they are entered into knowingly and voluntarily and do not work a miscarriage of justice. *See* United States v. Khattak, 273 F.3d 557, 562-563 (3d Cir. 2001) (enforcing a waiver of appeal in a plea agreement); United States v.

2

Marby, 536 F.3d 231, 236-37 (3d Cir. 2008) (enforcing a collateral waiver in a plea agreement). In doing so, the Third Circuit has explicitly recognized the benefits of such waivers. *See* Khattak, 273 F.3d at 562 ("[W]aivers of appeals may assist defendants in making favorable plea bargains . . . providing defendants a valuable bargaining chip in the plea process.").

Even when confronted with an argument similar to the ethical concerns raised in Formal Opinion 2014-100, the Third Circuit, albeit in an unpublished opinion, refused to adopt a blanket rule prohibiting appellate waivers on that basis. *See* United States v. Mitchell, 538 Fed. Appx. 201, 202 (3d Cir. 2013) (rejecting defendant's argument that "appellate waivers are contrary to public policy and should not be enforceable" due to the "ethical concerns that arise when defense counsel advises a client about waiving a claim of ineffective assistance"). More recently, just prior to the issuance of Formal Opinion 2014-100, the Third Circuit refused to address, on the facts before it, the issue of whether "appellate waivers [are] invalid per se if they do not carve out claims of ineffective assistance concerning the same attorney who counseled the plea." United States v. Grimes, 739 F.3d 125, 130 (3d Cir. 2014) (noting the ethics opinions of various other states on the issue and finding that the Court "undoubtedly will have occasion to address that issue in another case").

Here, there have been no allegations that Defendant's plea was anything less than knowing or voluntary. Indeed, the Court satisfied itself that Defendant's plea was knowing and voluntary at his change of plea hearing. To the extent that Defendant later seeks to challenge the effectiveness of his counsel's assistance with regard to the validity of his plea (and the Court should emphasize that it certainly has not discerned the applicability of such a challenge in this case), the Third Circuit has suggested that the existence of the collateral waiver in his plea agreement would not necessarily preclude him from doing so. *See* United States v. Shedrick,

3

493 F.3d 292, 298 (3d Cir. 2007) (exercising jurisdiction over defendant's ineffective assistance of counsel claims despite a collateral attack waiver because "[e]nforcing a collateral-attack waiver where constitutionally deficient lawyering prevented [the defendant] from understanding his plea or from filing a direct appeal as permitted by his plea agreement would result in a miscarriage of justice").

While the Court has not yet determined whether it will ultimately accept Defendant's plea agreement, defense counsel should be aware that, as the government noted, it would be impossible for the Court to accept or reject only particular terms of the agreement. *See* Fed. R. Crim. P. 11 (discussing the procedure for the Court's acceptance or rejection of the plea agreement without any reference to partial acceptance or rejection); In re Morgan, 506 F.3d 705, 709 (9th Cir. 2007) ("[W]hile the court is free to accept or reject a plea agreement, it may not do so on a piecemeal basis.").

## **CONCLUSION**

In light of the Third Circuit case law regarding appellate and collateral waivers, and the Court's inability to reject anything less than the entirety of the plea agreement, Defendant's "Motion to Vacate, Rescind and/or Reject the Plea Agreement's § 2255 Waiver Provision" (Doc. 250) will be denied.

## **II. ORDER**

Consistent with the foregoing, Defendant's "Motion to Vacate, Rescind and/or Reject the Plea Agreement's § 2255 Waiver Provision" (**Doc. 250**) is hereby **DENIED**.


May 12, 2014                                                 s\Cathy Bissoon
                                                                                    Cathy Bissoon
                                                                                     United States District Judge

cc (via ECF email notification):

All Counsel of Record